## MANGUM ELECTRIC CO. v. CITY OF MANGUM.

No. 8904—Opinion Filed April 30, 1918.

Rehearing Denied March 18, 1919.

(179 Pac. 26.)

(Syllabus.)

1. **Electricity—Public Service Commissions —Appeal from Rate Order—Presumption.**

On an appeal from an order of the Corporation Commission fixing the rates to be charged for electric light and other electric service, the presumption obtains. by reason of section 22, art. 9 of the Constitution, that the order is reasonable, just, and correct; and, where there is evidence in the record

reasonably tending to support the findings of fact as to the value of the property used by the electric company, as a basis for determining what is a reasonable return on the investment, the order will not be disturbed on review in this court.

## 2. Same—Valuation—Evidence.

Evidence in the record examined, in connection with the objections urged as to the values fixed by the Commission, and held to reasonably support the findings of fact as to values; and, in view of the presumption that such order is reasonable, just, and correct, the order must be affirmed.

Appeal from the State Corporation Commission.

Appeal by the Mangum Electric Company from an order of the State Corporation Commission, fixing the rates to be charged by appellant for electric service in the City of Mangum. Order affirmed.

John M. Young and Ames, Chambers, Lowe & Richardson, for plaintiff in error.

H. H. Edwards, for defendant in error.

OWEN, J. This is an appeal from an order of the Corporation Commission fixing the rates to be charged by the appellant for electric lights and other electric service in the city of Mangum. For the purpose of ascertaining what rates would be proper to insure a reasonable return on the investment the commission heard evidence as to the value of the property used by the company. The plant and equipment was appraised by H. R. Musson, an employe of the commission, and his testimony was heard, together with other witnesses, as to the values placed on the different items. The appellant had the plant appraised by Prof. Bozell, and his testimony, together with other witnesses corroborating his appraisement, was offered on the part of appellant. The commission found the value of the plant for rate-making purposes to be $51,811.11. This valuation included valuations for land, power plant, building material in plant equipment, labor, installation of plant poles and transmission lines, contingencies and omissions, engineering and superintending, tools and instruments, furniture and fixtures, organization, injuries to persons during construction, working capital, going concern value, and interest on the total at the rate of 6 per cent. for a construction period of four months. The commission concluded the plant was 80 per cent. efficient, and the company therefore entitled to a return on a valuation of $41,686.90.

The objections urged on this appeal are as to values fixed by the commission, and on which the order is based. It is insisted that the values are unreasonably low, and the rates prescribed will not allow the company a reasonable return on its investment.

The testimony taken is quite voluminous, and in many instances contradictory. That offered on the part of the appellant would support a much higher valuation, and if the values were tested by this evidence alone, they would be unreasonable, and the rates not sufficient to insure a reasonable return on that valuation. The values are to be tested, however, in view of all the evidence appearing in the record, and there is evidence appearing in the record which reasonably tends to support the valuation fixed by the commission. The commission, in most instances, took the appraisement made by Musson as a basis, and these values are supported by his testimony, and, in many instances, his testimony was corroborated by other witnesses. Taking the values as fixed by this evidence as a basis, the rates promulgated will afford a reasonable return on the investment. Musson was corroborated as to the value of the land by residents and real estate dealers in the city of Mangum, and as to the buildings by a contractor familiar with that character of construction, and who had, in fact, constructed a portion of the buildings being used by the company. Or the items of installation, such as placing boilers and engines and the construction of pole lines, he was corroborated by persons who had engaged in this character of work, and were familiar with the costs of same. These witnesses were not impeached, and, so far as the record discloses, were entirely credible, and their testimony entitled to consideration. The values fixed by Prof. Bozell, and corroborated by other witnesses on the part of appellant, were taken, in some instances, from the statements of the appellant showing the values agreed upon at the time this company purchased the plant from the former owner. Musson appears to have based his valuations largely upon data secured by him as to what it would cost to reproduce the same items new. The mere contradictions of Musson by appellant's witnesses is not sufficient to destroy his testimony, corroborated as it is by other witnesses. It is not sufficient to say that a different conclusion was authorized by the testimony offered on the part of the appellant.

The order of the commission based upon the values comes to us on appeal, under provisions of section 22, art. 9, Const., with the

presumption of being just and reasonable. In reviewing this order we act in a legislative capacity, as did the commission in hearing the testimony and fixing the rates. The well-settled rule in this court is that if there is evidence reasonably tending to support the findings of fact, the prima facie presumption will prevail, and the order based on such findings will not be disturbed. We are unable to say that the evidence offered on part of appellant is sufficiently strong and conclusive as to overcome the constitutional presumption in favor of the order, considering the testimony of Musson and the other witnesses corroborating the values fixed by him. The testimony as to the values on which the order is based, in our opinion, reasonably tends to support the values, and the rates promulgated will afford the company a reasonable return on the investment. In the case of Intrastate Express Rates, 40 Okla. 237, 138 Pac. 382, it was said:

"If there is any evidence reasonably tending to support the order, then the burden is upon the appellants to show by evidence in the record so strong and conclusive as to overcome all presumptions in its favor that the same is unreasonable and unjust. Unless they meet that burden in this legislative review, the order of the commission must be affirmed."

In the case of St. L. & S. F. R. Co. v. Travelers' Corp., 47 Okla. 374, 148 Pac. 166, it was said:

"The Constitution gives to the order of the commission the presumption that it is prima facie just, reasonable, and correct. * * * There is evidence in the record authorizing the reasons given by the commission for its order in the latter regard; and, while there is strong evidence to the contrary, we are not prepared to say that the commission's action is unjust or unreasonable. Neither can we say that the statement made and the reasons assigned are without sufficient evidence in their support. It is not sufficient that we may say that a different conclusion was authorized."

It has been suggested that the value fixed, and the order based thereon is unreasonable, viewed in the light of the increased cost of material and labor since the order was promulgated in July, 1916. That may be true, but we must, under section 22, art. 9, Const., consider the order in the light of the evidence as it appears in the record and conditions as disclosed by that evidence. We are not permitted to consider on this appeal any evidence not offered before the commission. The changed condition may present a sufficient reason, on proper application to the commission, to increase the rates fixed in the order. The judgment entered on this appeal will in no sense preclude the commission from modifying that order, or from changing the rates, on proper and sufficient showing.

The order appealed from is affirmed.

All the Justices concur, except TISINGER, J., not participating.