**COMANCHE LIGHT & POWER CO. v. TURNER et al.**

No. 8905—Opinion Filed April 30, 1918.

(172 Pac. 792.)

(Syllabus.)

1. **Electricity—Supply—Rates—Public Service Commission—Presumption—Appeal.**

On an appeal from an order of the Corporation Commission fixing the rates to be charged for electric light and other electric service, the presumption obtains, by reason of section 22, art. 9, of the Constitution, that the order is reasonable, just, and correct, and where there is evidence in the record reasonably tending to support the findings of fact as to the value of the property used by the electric company, as a basis for determining what is a reasonable return on the investment, the order will not be disturbed on review in this court.

2. **Same — Rate Order — Reasonableness —Affirmance.**

Evidence in the record examined in connection with the objections urged as to the values fixed by the commission, and held to reasonably support the findings of fact as to values, and in view of the presumption that such order is reasonable, just, and correct, the order must be affirmed.

Appeal from State Corporation Commission.

Proceeding before the Corporation Commission by W. D. Turner and others against the Comanche Light & Power Company. From an order of the commission fixing its rates for service, defendant appeals. Order affirmed.

John M. Young and Ames, Chambers, Lowe & Richardson, for plaintiff in error.

S. I. McElhoes, for defendants in error.

OWEN, J. This is an appeal from an order of the Corporation Commision fixing the rates to be charged by the appellant for electric light and other electrical service in the city of Lawton. The only question presented on this appeal is the valuation placed by the commission on appellant's electric plant and accessories, and whether the rates fixed allow a reasonable return upon the investment. The controversy is as to the facts found by the commission and the deductions drawn from same. The principal objections are made to the values fixed for depreciation, going concern value, contractor's profits, and organization expenses.

Evidence was heard as to the value of all the property used in connection with the plant. It is urged on the part of the appellant that the finding as to the values is against the weight of the evidence. The evidence taken is both voluminous and contradictory. That offered on the part of the appellant, if taken as true and without discount, would abundantly support much higher valuations. On the other hand, the evidence offered on part of the complainant before the commission reasonably tends to support the valuations found by the commission.

While the values are not the same, the questions presented on this appeal are identical with the questions presented in the case of Mangum Electric Co. v. City of Mangum (No. 8904, decided this term, 72 Oklahoma, 179 Pac. 26); the witnesses in most part being the same. The questions presented here, as there, are questions of fact and the same rules of law govern. This order comes to us on appeal with the presumption, under section 22, art. 9, of the Constitution, as being prima facie just, reasonable, and correct, and under the authorities referred to in the Mangum Case, since there is testimony in the record which reasonably tends to support the findings of fact made by the commission, the order must be affirmed. In

view of the evidence in support of the findings, we are unable to say the testimony offered on the part of the appellant is sufficient to overcome the constitutional presumption. In re Express Rates, 40 Okla. 237, 138 Pac. 382; S. L. & S. F. R. Co. v. Travelers' Corp., 47 Okla. 347, 148 Pac. 166; Mangum Elec. Co. v. City of Mangum, supra.

The order appealed from is therefore affirmed.

All the Justices concur, except TISINGER, J., not participating.